The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
Plaintiff's April 14th, 1997 motion for a new hearing to take additional evidence must be, and hereby is, DENIED.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Plaintiff's alleged date of injury is April 29, 1992.
3. At such time, the employer-employee relationship existed between defendant-employer and plaintiff-employee.
4. The parties stipulate that plaintiff has been diagnosed with a herniated lumbar disc at the L5-S1 level.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 49 year old male. He is a high school graduate and has attended Fayetteville Technical Community College for one semester.
2. On April 29, 1992, plaintiff received a free room as part of his compensation provided by defendant-employer at a value of $152.00 per week.
3. At the hearing, plaintiff alleges that on April 29, 1992, as part of his assigned job duties, he was cleaning out a storage room when he bent down to pick up an empty box and felt severe pain in his back.
4. Plaintiff, however, has told different versions of how he injured his back to various people.
5. Patricia Martinez was the general manager of defendant-employer and testified at the hearing that plaintiff complained of pain in his back and stated that he thought he had hurt it while he was on vacation. Ms. Martinez then asked plaintiff if he had hurt it while at work, to which plaintiff replied that he did not. This conversation occurred before April 29, 1992, the date of the alleged injury. The undersigned find the testimony of Patricia Martinez credible.
6. Subodh Dhakur, the President and owner of defendant-employer, also testified that plaintiff told him that he had not hurt his back while on the job with defendant-employer. The owner further testified that plaintiff received a room free of charge at defendant-employer, which had a value of $152.00 per week, and plaintiff was further paid $89.50 every two weeks after taxes. Mr. Dhakur stated that plaintiff only worked four to six hours a day and not the ten hours a day that plaintiff testified at hearing that he worked. The undersigned finds the testimony of Mr. Dhakur credible.
7. Plaintiff testified that he asked the girl at the front desk of defendant-employer to call him an ambulance on April 30, 1992. When she failed to do so, plaintiff testified that he had to call a cab to take him to the emergency room at the hospital.
8. Plaintiff went to Highsmith Rainey Hospital emergency room and was referred later to Dr. Inad Atassi, a neurosurgeon. Plaintiff gave Dr. Atassi a history that included the fact that plaintiff had felt a sudden onset of pain when he was unloading a truck at work. Plaintiff, in contradiction to his testimony at hearing, also stated to Dr. Atassi that he had walked to the emergency room at Highsmith Rainey Hospital.
9. Plaintiff was treated by Dr. Inad Atassi on May 7, 1992, and May 21, 1992. Plaintiff had experienced a herniated disc at L5-S1. Dr. Atassi prescribed pain medication and conservative treatment including bed rest.
10. On May 21, 1992, Dr. Atassi noted that plaintiff had made moderate improvement with conservative treatment and had a fifty percent to sixty percent improvement in right hip and right leg pain. Dr. Atassi determined that plaintiff should limit his activities and avoid bending and lifting for four to six weeks, and told plaintiff that if the pain improved after that time, plaintiff could resume all his regular activities.
11. Plaintiff has not received any further medical treatment. Plaintiff has experienced a ten percent permanent partial disability impairment to his lower back.
12. Plaintiff never returned to work with defendant-employer.
13. Plaintiff, however, has had several jobs since his injury. In 1993, plaintiff worked as a barber earning approximately $160.00 per week. This job lasted for two months. Plaintiff testified that he is a licensed barber in Washington, D.C., but has never transferred his license to North Carolina or obtained a license in North Carolina. He quit working as a barber in North Carolina because he had not obtained his license in North Carolina. Plaintiff alleges that he could not get the paperwork straightened out to obtain his North Carolina barber's license. Plaintiff has also worked at a convenience store for approximately eight months for $4.85 an hour for about 28 hours a week in 1994.
14. Plaintiff is currently working at a Burger King as a night porter performing clean-up work five nights a week, for a total of 25 hours per week.
15. Plaintiff has sustained a herniated disc. However, he has not proved that said injury occurred in the course and scope of his employment with defendant-employer.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the credible evidence that he has sustained an injury by accident arising out of and in the course of his employment with defendant-employer on April 29, 1992. G.S. § 97-2(6).
2. Plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act. G.S. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim under the law must be, and is hereby, DENIED.
2. Each side shall pay its own costs of this appeal.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER